UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-cr-10032-JES-JEH |
| TIMOTHY J. HERMAN, | ) |
| Defendant. | ) |

# ORDER AND OPINION

Now before the Court are Defendant's Motions to Dismiss the Indictment (Doc. 9), to Strike Portions of the Indictment (Doc. 10), and for a Bill of Particulars (Doc. 16). For the reasons set forth below, these Motions are DENIED.

### BACKGROUND

On June 20, 2018, an indictment was filed charging Defendant with fourteen counts: four counts of Mail Fraud under 18 U.S.C. § 1341 (Counts I–IV), nine counts of Wire Fraud under 18 U.S.C. § 1343 (Counts V–XIII), and one count of Making a False Statement under 18 U.S.C. § 1001 (Count XIV). Doc. 9, Exh. 1. Defendant brings several challenges to the indictment. First, he claims that all counts must be dismissed under Rule 12 of the Federal Rules of Criminal Procedure because Counts I–XIII are vague and Count XIV violates the duplicity rule. Doc. 9. Second, he claims that certain portions of the indictment should be struck as prejudicial surplusage under Rule 7(d) of the Federal Rules of Criminal Procedure. Doc. 10. Third, in the event that the Court denies his Motion to Dismiss, Defendant requests that the Court require the

Government to provide a bill of particulars clarifying the indictment. Doc. 16. This order follows.

## I. MOTION TO DISMISS THE INDICTMENT

*A. Mail and Wire Fraud Counts*

An indictment must set out all of the essential elements of the crimes alleged, and each basis for conviction must be clearly set out in the indictment. *See United States v. Palumbo Bros.*, 145 F.3d 840, 860 (7th Cir. 1998). Generally, an indictment that uses the words of the statute to set forth the elements of the charged crime is sufficient. *See United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000); *United States v. Agostino*, 132 F.3d 1183, 1189 (7th Cir. 1997). The indictment must also contain sufficient factual particulars to "sufficiently apprise the defendant of what he must be prepared to meet." *Russell v. United States*, 369 U.S. 749, 763 (1962). This includes providing enough detail that the defendant can plead the resulting judgment as a bar to any future prosecutions for the same offense. *Id.* at 763–64. An indictment setting out the charged mailings or wire transfers and alleging that they were in furtherance of the scheme should not be dismissed as insufficient unless there is no conceivable evidence the government could produce that would connect the scheme with the mailings or wire transfers. *United States v. Castor*, 558 F.2d 379, 385 (7th Cir. 1977). "The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981).

Defendant claims that the mail fraud and wire fraud counts are defective due to a lack of specificity and a failure to state an offense under Rules 12(b)(3)(B)(iii) and (v) of the Federal Rules of Criminal Procedure. Doc. 9, p. 1. More specifically, Defendant claims the indictment fails to specify how the listed mailings and wire transfers were connected to the scheme to

defraud, other than by merely stating that Defendant transmitted them "for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud." Doc. 9, pp. 2, 4. Because the indictment sufficiently specifies the charges, the elements of the offense, and the mailings and wire transfers underlying the charges, it is sufficiently specific. *See Castor*, 558 F.2d at 385; *Kendall*, 665 F.2d at 135.

Defendant also claims that the wire transfers cannot be logically connected to the scheme to defraud. Doc. 9, p. 5. According to Defendant, this is because they took place after the funds were delivered from the victim to Defendant. *Id.* However, actions that take place after a fraudulent taking can still be components of a fraudulent scheme. *See Schmuck v. United States*, 489 U.S. 705 (1989) (finding that passage of title was a proper ground for mail fraud charge because it was essential to the perpetuation of the scheme, although not a direct contributor to the "duping" of a victim); *United States v. McGowan*, 590 F.3d 446, 457 (7th Cir. 2009) (finding phone calls made after the completion of a fraud in order to avoid detection were proper grounds for wire fraud charges). Because the Government could conceivably prove that the listed wire transfers were performed in furtherance of the alleged scheme, the charges should not be dismissed. *See Castor*, 558 F.2d at 385.

*B. False Statement Count*

Defendant claims that Count XIV should be dismissed because it violates the duplicity rule by joining five separate allegedly false statements. Doc. 9, p. 1 (citing Fed. R. Crim. P. 12(b)(3)(B)(i)). However, an indictment does not violate the duplicity rule by alleging multiple independent acts that would be separate violations of the same statute, as long as those acts form a continuing course of conduct. *See United States v. Berardi*, 675 F.2d 894, 897 (7th Cir. 1982); *United States v. Buchmeier*, 255 F.3d 415, 421 (7th Cir. 2001); *United States v. Davis*, 471 F.3d

783, 791 (7th Cir. 2006). Here, the indictment alleges multiple false statements made on the same day. Doc. 9, Exh. 1, p. 10. The characterization of those multiple statements as a single course of action is a fair one, especially compared with cases where the alleged actions took place in multiple episodes over the course of several months. *See Berardi*, 675 F.2d at 898 (finding one charge of obstruction of justice was proper for three acts of obstruction involving the same goal over the course of three months). As the false statement charge is not duplicitous, the Court denies Defendant's motion to dismiss it as such.

## II. MOTION TO STRIKE PORTIONS OF THE INDICTMENT

Federal Rule of Criminal Procedure 7(d) provides that courts may strike surplusage from an indictment upon the defendant's motion. Courts should not do so unless it is clear that the allegations characterized as "surplusage" are both prejudicial and legally irrelevant to the charges. *See United States v. Peters*, 435 F.3d 746, 753 (7th Cir. 2006). This is a difficult standard to meet, and "only rarely has surplusage been ordered stricken." *United States v. Chaverra-Cardona*, 667 F. Supp. 609, 611 (N.D. Ill. 1987).

Here, Defendant alleges that Paragraphs 1, 9, 10, 13, and 17 of the indictment are surplusage because they are not essential to the charges. Doc. 10, p. 2. Yet the test is not essentiality, but rather *relevance* to the charges. *See Peters*, 435 F.3d at 753. Paragraph 1 demonstrates how Defendant allegedly came in contact with the victim and thus is relevant in support of the existence and nature of a scheme to defraud. Paragraphs 9, 10, 13, and 17 allege that Defendant used the funds he acquired for various personal purposes. Doc. 9, Exh. 1, pp. 3–5. Defendant's alleged conversion of the funds he received for his personal use, rather than for the use he represented to the victim, is clearly relevant to the fraud charges—if he had used them for the purposes he told the victim he would, there would be no crime.

4

Because Paragraphs 1, 9, 10, 13, and 17 are all relevant to the charges in the indictment, the Court denies Defendant's motion to strike them as surplusage. *See United States v. Campbell*, 709 Fed. App'x. 815, 824–25 (7th Cir. 2017) ("[W]hile the allegations were not essential elements of the crime, they were relevant to the elements of the offense … such as the taking of money.").

### III. MOTION FOR BILL OF PARTICULARS

In the event that his motion to dismiss is denied, Defendant has filed an alternative motion requesting that the Court require the Government to provide a bill of particulars, again on the grounds that the indictment is vague. Doc. 16. In deciding motions for bills of particulars, courts consider whether the information already available to defendants allows them to adequately prepare their cases, avoid surprise at trial, and avoid a later risk of double jeopardy. *See United States v. Roya*, 574 F.2d 386, 391 (7th Cir. 1978); *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008). A bill of particulars is unnecessary if the information sought is available through another avenue, such as discovery. *Blanchard*, 542 F.3d at 1140 (citing *United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003)).

As addressed in Section I, the indictment provides Defendant with sufficient notice of the charges, the statutes violated, and the specific mailings, wire transfers, and false statements giving rise to the charges. Doc. 9, Exh. 1. Even if it did not, a bill of particulars is unnecessary in this case because Defendant has access to the information he seeks through discovery. *See* Doc. 19, p. 2 (noting that 19,000 pages of discovery have been provided to Defendant); *Blanchard*, 42 F.3d at 1140–41 (affirming a denial of a bill of particulars where "[a]lthough the indictment was somewhat sparse, [the defendant] was the beneficiary of extensive pretrial discovery"). Thus, Defendant's Motion for a Bill of Particulars (Doc. 16) is also denied.

## CONCLUSION

For the reasons set forth above, Defendant's Motions to Dismiss the Indictment (Doc. 9), to Strike Portions of the Indictment (Doc. 10), and for a Bill of Particulars (Doc. 16) are DENIED.

Signed on this 9th day of October, 2018.

*/s James E. Shadid*
James E. Shadid
Chief United States District Judge
